UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL NO. |
| | § | |
| 2014 CHEVROLET SILVERADO, | § | |
| VIN 3GCPCREC4EG131576; | § | |
| 2018 CADILLAC XT5, | § | |
| VIN 1GYKNERS7JZ122535; | § | |
| CHASE BANK CASHIER'S CHECK, | § | |
| IN THE AMOUNT OF $16,271.07; and | § | |
| $9,430.00 IN U.S. CURRENCY, | § | |
| Defendants. | § | |

VERIFIED COMPLAINT FOR CIVIL FORFEITURE
IN REM AND NOTICE TO POTENTIAL CLAIMANTS

The United States of America, Plaintiff, files this action for forfeiture in rem against

the above-captioned defendants. The United States alleges on information and belief as

follows:

JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.  The

defendant property is located in the Southern District of Texas and is within the jurisdiction

of this Court.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and

1395.

THE DEFENDANT PROPERTY

3.      The Defendants are:

a.      2014 Chevrolet Silverado, VIN: 3GCPCREC4EG131576;

     b.     2018 Cadillac XT5, VIN: 1GYKNERS7JZ122535;

     c.     Chase Bank Cashier's Check in the amount of $16,271.07; and

     d.     $9,430.00 in U.S. Currency.

(collectively "Defendant Properties").

4.     Law enforcement officers seized Defendant Properties on or about July 24, 2019, from the residence of Ricky Orlando Garcia (hereinafter "Garcia") and Brenda Nallely Martinez-Torres (hereinafter "Martinez-Torres") in Houston, Texas. The Defendant Properties are in the custody of the United States Marshals Service.

5.     On or about November 15, 2019, the seizing agency received a claim of ownership contesting the forfeiture of the Defendant Properties.

STATUTORY BASIS FOR FORFEITURE

6.     This is a civil action in rem brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to ... any offense constituting 'specified unlawful activity' (as defined in [18 U.S.C.] section 1956(c)(7) of this title), or a conspiracy to commit such offense."   The felonious taking and carrying away, with intent to steal or purloin, any property or money or any other thing of value exceeding $1,000 in the care, custody and control of any bank, or in such savings and loan association, in violation of 18 U.S.C. § 2113(b) (bank robbery) constitutes a "specified unlawful activity" under 18 U.S.C. § 1956(c)(7)(D).

7.     The Defendant Properties are subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) as properties which constitutes or are derived from, in whole or in part,

proceeds traceable to specified unlawful activity, including but not limited to violations of 18 U.S.C. § 2113(b) (bank robbery).

FACTS

8.     The United States alleges that on or about July 22, 2018, Ricky Orlando Garcia (hereinafter "Garcia") was involved in the robbery of numerous safe-deposit boxes in the control, care and custody of Woodforest National Bank, 3101 West Davis St, Conroe, Texas.   According to the bank's customer reports, several gold and silver coins, jewelry, cash and bonds were stolen from approximately fifty-six (56) safe-deposit boxes to include forty (40) 1 oz. U.S. Gold Buffalo coins, Gold Eagle coins, Credit Suisse bars and approximately $429,000.00 in U.S. currency. Garcia stands charged with bank robbery and burglary in Montgomery Country, Texas, and trial is scheduled to begin in March 2020.

9.     On or about August 10, 2018, Martinez-Torres, an associate of Garcia, went to Houston Precious Metals to sell various gold items. Houston Precious Metals issued a check to Martinez-Torres for $14,055.00 based on the exchange of 233.77g of 88% gold, 227.99g of 18k gold, and 15.46g of 38% gold.

10.     On or about August 13, 2018, Martinez-Torres returned to Houston Precious Metals and sold various additional gold items.   Houston Precious Metals issued a check to Martinez-Torres for $30,368.00 based on the exchange of five (5) 916 gold 1 oz. Gold Eagle coins, and twenty-one (21) 999 gold 1 oz. Gold Buffalo coins.

11.     In August 2018, Garcia went to TM Jewelry in Houston, Texas on approximately five occasions and sold men's and women's jewelry and gold coins. On each occasion, TM Jewelry paid Garcia approximately $2,000.

3

12.     On or about August 23, 2018, Garcia purchased defendant property, 2014 Chevrolet Silverado, for approximately $25,000.63 from Pachuca Auto Sales in Houston Texas.

13.     On or about September 10, 2018, Martinez-Torres purchased defendant property, 2018 Cadillac XT5 for $46,639.00, in cash, from Nationwide Specialty Finance Inc., dba Drive Away, in Houston, Texas.

14.     On or about August 23, 2018, Martinez-Torres purchased real property described as follows:

> Lot Twenty-Six (26), in Block One (1) of Meadowview Farms, Sec. 2, a subdivision in Harris County, Texas according to the map or plat thereof, recorded in Film Code No. 560133 of the Map Records of Harris County, Texas,

for a contract sale price of $155,000.00.   Martinez-Torres paid a total of $155,963.23 for the real property, including closing costs, taxes and other fees. Funds used to purchase real property consisted of $99,900.00 cash, two Houston Precious Metals checks totaling $44,423.00, and money orders.

15.     Garcia is currently incarcerated at the Montgomery County Jail.   Recorded telephone calls between Garcia and Martinez-Torres following his arrest in 2019 indicate that he provided Martinez-Torres the money to purchase most of the Defendant Properties.

16.     According to U.S. Bureau of Prison records, and National Criminal Information Center records, Garcia has an extensive criminal history. He has convictions for burglary, larceny, money laundering, and the unlawful possession of a firearm. Moreover, he was implicated in the burglary of several JCPenney department stores in Indiana during which jewelry and other merchandise was stolen. Garcia has convictions in

Texas, Louisiana and Indiana.

17.     Texas Workforce Commission (hereafter "TWC") records reflect that Garcia has a sporadic work history, certainly not enough to purchase Defendant Properties with the earnings reported.

18.     TWC records for Martinez-Torres reflect that the Social Security Number she listed with JP Morgan Chase is not a valid Social Security Number assigned to her. Moreover, Martinez-Torres does not have a work history under her Mexico passport or residence addresses.

19.     The United States alleges the Defendant Properties constitute or are derived from proceeds traceable to specified unlawful activity, 18 U.S.C. § 2113(b) (bank robbery).

20.     Under the totality of the circumstances, it is believed the Defendant Properties are subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) as property which constitutes or is derived from proceeds traceable to specified unlawful activity.

<u>NOTICE TO ANY POTENTIAL CLAIMANT</u>

YOU ARE HEREBY NOTIFIED if you assert an interest in the property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  The verified claim must be filed no later than 35 days from the date this Complaint was sent to you in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official internet government forfeiture site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Fed. R.Civ.P. 12 must be filed no later than 21 days after filing the claim.   The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this Complaint.

<u>RELIEF REQUESTED</u>

The United States seeks a final judgment, pursuant to 18 U.S.C. § 981(a)(1)(C) forfeiting the Defendant Properties to the United States and requests any other relief to which the United States may be entitled.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney


 s/Abe Martinez
Abe Martinez
Assistant United States Attorney
United States Attorney's Office
Southern District of Texas
1000 Louisiana, Suite 2300
Houston, TX 77002
(713) 567-9349 (office)
abe.martinez@usdoj.gov

<u>VERIFICATION</u>

I, Joel Pena, a Special Agent employed by the United States Federal Bureau of Investigation, declare under the penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated are based upon either my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation. Those facts are true and correct to the best of my knowledge and belief.

Executed on the _11TH_ day of February 2020.

Joel Pena
Special Agent
Federal Bureau of Investigation

7